UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ILLINOIS TOOL WORKS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:02-cv-0855-DFH-TAB |
| | ) | |
| PACTIV CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF ILLINOIS TOOL WORKS INC.'S MOTION TO COMPEL**

In April 2005, Illinois Tool Works, Inc., ("ITW") purchased the patents-in-suit, among other assets, from the original Plaintiff, Pliant, and substituted its appearance for Pliant. [JAMS Docket No. 227.] Subsequently, ITW sought leave to amend its complaint to add U.S. Patent 6,925,779 ("'779 patent") to this infringement lawsuit. [CM/ECF Docket No. 5.] Although they initially objected to the proposed amendment, the Defendants ultimately reached an agreement with ITW to govern discovery relating to the '779 patent and withdrew all objections. [CM/ECF Docket No. 20.] On November 1, 2005, this Court granted ITW leave to file its proposed fourth amended complaint and ordered discovery relating to the newly added '779 patent as agreed by the parties. [CM/ECF Docket No. 21.] ITW now has filed a motion to compel six depositions -- discovery it asserts is permitted by the parties' agreement. [CM/ECF Docket No. 40.] Pactiv denies that it agreed to such discovery. [CM/ECF Docket No. 41.] For the reasons below, the Court GRANTS ITW's motion.

Normally a motion to compel would be evaluated within the permissive parameters of Rules 26 and 30. But this is not a normal case. In this case, the parties have entered into an

agreement regarding the scope of discovery and that scope necessarily dictates what discovery is permissible.  Because the parties dispute whether that scope sweeps broadly enough to allow for the depositions contemplated by ITW, the parties look to this Court to delineate the boundaries of their agreement as it relates to the '779 patent.

The record shows that the parties originally agreed that "fact discovery with respect to the '779 Patent shall close on January 27, 2006."  [CM/ECF Docket No. 21, ¶ 5.]  In support of its motion, ITW shows that its deposition notices were served prior to January 27 and the individuals they seek to depose were identified by Pactiv in Pactiv's initial disclosures.  ITW asserts that these individuals possess fact information that may lead to admissible evidence pertaining to Pactiv's affirmative defenses.

Pactiv does not contest these facts but counters that the parties did not agree to reopen discovery to matters previously discoverable.  [Docket No. 41, p. 2.]  According to Pactiv, ITW seeks a "re-do" of the previous plaintiff's discovery decisions, which it is not entitled to do.  Pactiv's contention is premised on the fact that it raised the same affirmative defenses concerning the previous patents-in-suit that it raised against the '779 patent and despite the six individuals being identified in its initial disclosures served in March 2003, the previous plaintiff did not endeavor to depose those individuals.  Given the number of individuals ITW seeks to depose in the twilight of this litigation, Pactiv's concerns are legitimate.

Nonetheless, Pactiv faces two significant obstacles in defeating ITW's motion.  First, Pactiv agreed to a scheduling order that opened the door to additional discovery.  The Court notes that Pactiv even recently agreed to modify certain deadlines including "fact discovery with respect to the invalidity and infringement of the '779 Patent and issues raised in the Defendants'

2

counterclaims. . . ." [CM/ECF Docket No. 30.]  Thus, none of the authority cited by Pactiv limiting discovery is particularly useful in deciding this matter.  Equally telling, Pactiv raised the affirmative defense regarding the invalidity of the '779 patent that prompted ITW's desire to depose the six individuals it seeks to depose.  Since Pactiv agreed to open the door to discovery and then raised the affirmative defense that triggered the discovery request, the Court rejects Pactiv's assertion that ITW seeks some sort of discovery "mulligan" or that such discovery is foreclosed by ITW's predecessor plaintiff's failure to conduct the same discovery.

Accordingly, for these reasons, the Court GRANTS ITW's motion to compel the depositions of Eric A. St. Phillips, Alex Provan, Thomas L. Coomber, David Dobreski, Ian Barclay, and Kirk Belmont.  [CM/ECF Docket No. 40.]

Dated: 06/05/2006

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Thomas R. Mulroy
John A. Leja
Luke Anderson
MCQUIRE WOODS LLP
tmulroy@mcguirewoods.com
jleja@mcguirewoods.com
landerson@mcguirewoods.com

Nancy G. Tinsley
Shiv Ghuman O'Neill
BAKER & DANIELS
ngtinsle@bakerd.com
sgoneill@bakerd.com

William J. Ryan
Alan Nicgorski
Eric J. Munoz
SCANDAGLIA & RYAN
anicgorski@scandagliaryan.com
emunoz@scandagliaryan.com

wryan@scandagliaryan.com

John T. Hume
HUME MITH GEDDES GREEN & SIMMONS
jhume@humesmith.com

John F. Prescott, Jr.
ICE MILLER
john.prescott@icemiller.com

John M. Callagy
Paul Wendell Garrity
KELLEY RYE & WARREN LLP
jcallagy@kelleydrye.com
pgarrity@kelleydrye.com